UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWTIS DONALD RHODEN,<br><br>Petitioner,<br><br>v.<br><br>BRANDON PRICE, Director,<br><br>Respondent. | Case No. 8:20-cv-01096-MWF (PD)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On March 12, 2021, the United States Magistrate Judge issued a Report and Recommendation ("Report"), recommending that Petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. [Dkt. No. 8.] On March 26, 2021, Petitioner filed his Objections. [Dkt. No. 9.]

In his Objections, Petitioner reiterates the argument in his Petition that California's Sexually Violent Predator Act ("SVPA") violates his constitutional right to due process because it prohibits him from petitioning for unconditional release without first obtaining the approval of the Department of State Hospitals ("DSH"). That argument is addressed in the Report. In his Objections, he also contends, for the first time, that his continued confinement

violates due process because has proven that he is no longer a Sexually Violent Predator ("SVP"). [Dkt. No. 9 at 5.] [1] In support of this contention, he relies primarily on an opinion from the psychologist he retained, Dr. Brian Abbott, that he no longer meets the SVP criteria. [*Id.* at 11.] Petitioner also notes that, since being found an SVP in 2013, he has undergone years of treatment. [*Id.* at 9.]

This objection is not well-taken because it ignores the conclusions of the DHS medical director and another psychologist that Petitioner continues to meet the SVP criteria. [Report at 2.] Thus, although Petitioner has shown that there is conflicting evidence regarding his status as an SVP, he has not proven that he no longer meets the SVP criteria. In any event, as discussed in the Report, the SVPA's statutory scheme provides civilly committed persons reasonable opportunities for release. Pursuant to that statutory scheme, Petitioner was granted conditional release despite a determination that he stills meets the SVP criteria. He declined it. Given the unique dangers posed by persons found to be SVP's, Petitioner has not shown that the state court of appeal unreasonably concluded that he cannot establish a due process violation simply because he cannot petition for unconditional release without first obtaining a recommendation from the DSH. *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (explaining that "requirements of due process are 'flexible'" and call only for "procedural protections as the particular situation demands") (citation omitted).

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file records herein, the Magistrate Judge's Report, and Petitioner's objections to the Report. The Court has

---

[1] The Court exercises its discretion to consider the argument. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002) (district court has discretion, but is not required, to consider claims presented in party's objections to magistrate judge's report and recommendation). Petitioner's other objections are addressed in the Report.

engaged in a *de novo* review of those portions of the Report to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this Order.
3. The clerk shall serve this Order and the Judgment on counsel or parties of record.

DATED: June 29, 2021

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE